IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDVALE INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>AUTOTECH SYSTEMS MIDWEST, LLC,<br><br>    Serve:<br>    James M. Denneny<br>    115 Amber Way<br>    Catawissa, MO 63015<br><br>and,<br><br>NMB HOLDINGS, LLC d/b/a COMPLETE<br>AUTO BODY AND REPAIR,<br><br>    Serve:<br>    Kurtis M. Barks<br>    11972 Dorsett Rd.<br>    Maryland Heights, MO 63043<br><br>    Defendants. | Case No:  4:21-cv-105 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Midvale Indemnity Co. (hereinafter "Midvale"), by and through undersigned counsel, and for its Petition for Declaratory Judgment, states as follows:

1. Midvale is a foreign insurance company authorized to conduct business in the State of Missouri.

2. Midvale is a citizen of the State of Wisconsin in that it is a Wisconsin corporation with its principal place of business in the State of Wisconsin.

1

3. Autotech Systems Midwest, LLC (hereinafter "Autotech") is a citizen of the State of Missouri in that it is a Missouri limited liability company, and upon information and belief, the members of Autotech are all citizens of the State of Missouri.

4. NMB Holdings, LLC, d/b/a Complete Auto Body and Repair, (hereinafter "NMB") is a Missouri limited liability company, and upon information and belief, the members of NMB are citizens of the State of Missouri.

5. NMB has sued Autotech for breach of contract, negligent misrepresentation, and fraudulent misrepresentation relating to the sale of certain automotive repair equipment.

6. NMB claims to have purchased a lift for its auto repair business based on representations from Autotech that the lift equipment was appropriate for the work NMB sought to perform at its repair shop.

7. According to NMB, the lift and equipment that Autotech installed was not adequate to meet NMB's needs contrary to the representations of Autotech.

8. NMB appears to claim in the First Amended Petition that it suffered damage in lost business opportunities and the cost of replacing the lifts and equipment sold by Autotech.

9. The value of the equipment was approximately $65,000.00, and there is a claim for consequential lost business profits.

10. Therefore, the reasonable value of the underlying claim is in excess of $75,000.00

11. The United States District Court has jurisdiction in this matter pursuant to 21 U.S.C. § 1332.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside within the Eastern District of Missouri, , and because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Missouri.

13. The case is pending in the Circuit Court of St. Charles County, State of Missouri as Cause No. 2011-CC00268.

14. The First Amended Petition, the operative pleading in the underlying case between NMB and Autotech is attached hereto as Exhibit A.

15. Autotech has requested a defense and indemnity for the claim NMB has made under a Midvale Business Owner's Policy identified as Policy No. BPP1040843.

16. The said insurance policy is attached hereto as Exhibit B.

17. The policy provides the following covering language:

**BUSINESS OWNERS FORM BP 00 03 07 13**
**SECTION II – LIABILITY**
  **A. Coverages**
    **1. Business Liability**
      a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:
        **(1)** The amount we will pay for damages is limited as described in Paragraph D. Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and
        **(2)** Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension – Supplementary Payments.
      b. This insurance applies:
        **(1)** To "bodily injury" and "property damage" only if:
          (a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
          (b) The "bodily injury" or "property damage" occurs during the policy period; and
          (c) […]

    **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

18.    The policy provides the following relevant exclusions:

**B. Exclusions**
  **1. Applicable To Business Liability Coverage**
    This insurance does not apply to:
    **a.** […]
    **b. Contractual Liability**
    **k. Damage To Property**
      "Property damage" to:
        (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
    **l. Damage To Your Product**

      "Property damage" to "your product" arising out of it or any part of it.
    **m. Damage To Your Work**

      "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".
      This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.
    **n. Damage To Impaired Property Or Property Not Physically Injured**

      "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
        **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
        **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

19.    The policy also provides the following the following relevant definitions:

**F. Liability And Medical Expenses Definitions**
  **1.** […]
  **8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
    **b.** You have failed to fulfill the terms of a contract or agreement;

4

if such property can be restored to use by:
   (1) The repair, replacement, adjustment or removal of "your product" or "your work"; or
   (2) Your fulfilling the terms of the contract or agreement.
1. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
2. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
   a. False arrest, detention or imprisonment;
   b. Malicious prosecution;
   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
   f. The use of another's advertising idea in your "advertisement"; or
   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".
16. "Products-completed operations hazard":
   a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
      (1) Products that are still in your physical possession; or
      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
         (a) When all of the work called for in your contract has been completed.
         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
         (c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.
      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
      The "bodily injury" or "property damage" must occur away from premises you own or rent, unless your business includes the selling, handling or distribution of "your product" for consumption on premises you own or rent.
   b. Does not include "bodily injury" or "property damage" arising out of:

      **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured; or

      **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials.

**17.** "Property damage" means:
  **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
  **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.
As used in this definition, electronic data […]

**21.** "Your product"
  **a.** Means:
    **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
      **(a)** You;
      **(b)** Others trading under your name; or
      **(c)** A person or organization whose business or assets you have acquired; and
    **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
  **b.** Includes:
    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
    **(2)** The providing of or failure to provide warnings or instructions.
  **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work"
  **a.** Means:
    **(1)** Work or operations performed by you or on your behalf; and
    **(2)** Materials, parts or equipment furnished in connection with such work or operations.
  **b.** Includes:
    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    **(2)** The providing of or failure to provide warnings or instructions.

20.    Based on the policy language at issue in this case, there are several reasons why there is no coverage under this Midvale policy at issue.

21. First, the underlying lawsuit is not covered because it is not an occurrence within the meaning of the covering language of the policy.

22. To trigger the insuring language in Section II.A.1.a.-b., there must have been an "occurrence," defined as an accident, causing "bodily injury" or "property damage."

23. NMB Holdings is suing Autotech for breach of contract, negligent misrepresentation, and fraudulent misrepresentation.

24. Breaches of contract and fraudulent misrepresentations are not "accidents" and are therefore not "occurrences" as required by the language of the insuring agreement in Section II.A.1.a.-b., quoted in full above.

25. Therefore, those claims are not covered.

26. Second, there is no coverage for the NMB claim against Autotech because there is no allegation of "bodily injury," "property damage," or "personal and advertising injury" within the meaning of the Midvale policy.

27. To trigger the insuring language in Section II.A.1.a.-b., the insured must be obligated to pay damages because of "bodily injury," "property damage," or "personal and advertising injury" as each are defined by the policy.

28. There is no allegation of bodily injury or any of the delineated offenses in the definition of "personal and advertising injury."

29. As such, they do not apply.

30. Similarly, there is no allegation of property damage.

31. The policy defines "property damage" to mean "physical injury to tangible property, including all resulting loss of use of that property."

7

32. It also defines property damage to mean "Loss of use of tangible property that is not physically injured."

33. Here, there is no allegation of either physical injury to tangible property or any loss of use of tangible property that was not physically injured.

34. Because there is no allegation of "bodily injury," "property damage," or "personal and advertising injury," the insuring language is not satisfied, and there is no coverage for the underlying lawsuit.

35. Third, there is no coverage under the Midvale policy because there is no allegation that any possible occurrence caused bodily injury, property damage, or personal and advertising injury.

36. Even if there were an occurrence, and even if there were property damage, there is no indication that any of the alleged misconduct (breach of contract, negligent misrepresentation, fraudulent misrepresentation) *caused* any such property damage based on physical injury or loss of use.

37. As such, the insuring language is not satisfied, and there is no coverage for this lawsuit.

38. Fourth, there is no coverage under the Midvale policy for the NMB claim because exclusion k. applies to preclude coverage for property damage to your work.

39. Exclusion k., quoted in full above, applies to preclude coverage for any property damage to that particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

40. Here, NMB's allegation is that Autotech's work needed to be replaced because it was incorrectly performed and that NMB suffered damage as a result of that.

41. Consequently, exclusion k. applies, and there is no coverage for the NMB claim.

42. Fifth, there is no coverage for NMB's claim against Autotech because exclusion l. applies to preclude coverage for certain damages.

43. Exclusion l. applies to exclude coverage for property damage to "your product" arising out of it or any part of it.

44. As quoted in full above, "your product" includes goods or products manufactured, sold, or disposed of by Autotech, as well as warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product."

45. Thus, to the extent there is any property damage to or arising out of your product or your warranties or representations, that damage is excluded from coverage.

46. Sixth, there is no coverage for the NMB claim against Autotech because exclusion m. applies to preclude coverage for property damage to Autotech's work included within the products-completed operations hazard.

47. Exclusion m. applies to exclude coverage for property damage to "your work," arising out of it or any part of it and included within the "products-completed operations hazard."

48. To the extent any of NMB's claims can be interpreted as claims for property damage that arose from Autotech's work that was completed, that damage and the claim is excluded from coverage.

49. Seventh, there is no coverage for the NMB claim against Autotech because exclusion n. for property damage to impaired property applies to exclude coverage.

50. Exclusion n. excludes coverage for "Property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or

dangerous condition in "your product" or "your work," or a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

51. "Impaired property" is defined as quoted in full above.

52. To the extent any of NMB's property aside from Autotech's work or Autotech's product cannot be used or is less useful because it incorporates Autotech's product that is known or thought to be defective, or because Autotech has failed to fulfil a contract, that damage is excluded from coverage and there is no coverage for NMB's claim.

53. There is simply no possibility of coverage for the NMB claim against Autotech under the Midvale policy.

54. Midvale has no other remedy at law other than a declaratory judgment action.

55. The claim is justiciable.

56. The claim is ripe.

WHEREFORE, Plaintiff Midvale Indemnity Company prays that this Court enters its judgment declaring that there is no coverage for Defendant Autotech, LLC for the underlying claim of Defendant NMB Holdings, LLC against Defendant Autotech Systems Midwest, LLC under Policy No. BPP1040843 and declaring that Plaintiff Midvale Indemnity Company has no duty to defend or indemnify Defendant Autotech Systems Midwest, LLC for the said claim, and for such other and further relief this Court deems necessary and proper under the circumstances.

RYNEARSON SUESS SCHNURBUSCH
CHAMPION, LLC

/s/ Victor H. Essen, II
Debbie S. Champion,	#38637MO
Victor H. Essen, II	#57629MO
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
***Attorneys for Plaintiff***